# EXHIBIT 2

Case 3:17-cv-01861-MPS    Document 11    Filed 12/22/17    Page 1 of 11

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARLENE McEVOY | CIVIL ACTION NO. |
| **Plaintiff,** | **3:17-cv-01861 (MPS)** |
| **v.** | |
| **FAIRFIELD UNIVERSITY** | |
| **Defendant.** | |
| | **DECEMBER 22, 2017** |

## Form 26(F) Report of Parties' Planning Meeting

Date Complaint Filed:  November 6, 2017

Date Complaint Served:  Waiver of service of summons filed on November 15, 2017

Date of Defendant's Appearance:  November 15, 2017

Pursuant to Fed R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, the parties exchanged drafts of this report and then participated in a telephone conference on December 22, 2017.  The participants were: Todd Steigman for Plaintiff and Gary S. Starr for Defendant.

### I.    Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the proposed case management plan.  Counsel further verify that they have forwarded a copy of this report to their clients.

6142202v1

## II.   Jurisdiction

### A.   Subject Matter Jurisdiction

Plaintiff contends that the Court has subject matter over this dispute because it presents a federal question under 28 U.S.C. § 1331.  Defendant does not dispute that this Court has subject matter jurisdiction over this case.

### B.   Personal Jurisdiction

Personal jurisdiction over Defendant is not contested.

## III.   Brief Description of Case

### A.   Claims of Plaintiff/s:

This is an age discrimination case.  Plaintiff, who is 67 years old, is a long-tenured full Professor of business law at Fairfield University.  In 2012, Plaintiff was appointed as the Director of Defendant's Pre-Law Advising Program.  In September 2016, Plaintiff learned that Defendant had replaced her in that position with another person who is approximately thirty years younger than Plaintiff.  Prior to replacing Plaintiff as the Director of the Pre-Law Advising Program, Defendant had never notified Plaintiff that it perceived any deficiencies in her performance as the Director.  After Plaintiff complained of age discrimination, Defendant asserted false and/or pretextual explanations for its decision.  Plaintiff has suffered damages, including the loss of the stipend paid to the Director of the Pre-Law Advising Program.  Plaintiff is also seeking liquidated damages and an award of attorney's fees and costs.

### B.   Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendants:

Fairfield University denies that it discriminated against Plaintiff based on her age or that it asserted false or pretextual reasons for not reappointing her to the stipend

2

6142202v1

position of Director of the Pre-Law Advising Program.  The same persons, who

appointed her to the position in 2015, were the same persons who decided not to

reappoint her in 2016.  Fairfield University believes that Plaintiff did not file her

complaint with the EEOC within 300 days of being notified that she would not be

reappointed to the stipend position of Director of the Pre-Law Advising Program.

**IV.     Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that the following material facts are undisputed:**

> 1.      Sharlene McEvoy's date of birth is July 6, 1950.
>
> 2.      Sharlene McEvoy has a law degree from the University of Connecticut and a master's degree in political science and a Ph.D. in Public Administration/Political Science from the University of California at Los Angles.
>
> 3.      In 1998, Sharlene McEvoy was promoted to the rank of Professor teaching business law.
>
> 4.      Sharlene McEvoy was appointed to the position of Director of the Pre-Law Advising Program in 2012.
>
> 5.      The stipend for the Director of the Pre-Law Advisory Program was ten thousand dollars ($10,000.) per academic year.

**V.     Case Management Plan:**

A.      <u>Standing Order on Scheduling in Civil Cases</u>

The parties request modification of the deadlines in the Standing Order on

Scheduling in Civil Cases (as follows):

B.      <u>Scheduling Conference with the Court</u>

The parties do not request a pretrial conference with the Court before entry of a

scheduling order pursuant to Fed. R. Civ. P. 16(b).  If a conference is scheduled, the parties

prefer a conference by telephone.

3

C.      Early Settlement Conference

1.      The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is NOT likely at this time.

2.      The parties DO NOT REQUEST an early settlement conference, although the parties would prefer a settlement conference with a Magistrate Judge when they agree that it will be productive to do so.

3.      If an early settlement conference is ordered, the parties prefer a settlement conference with a magistrate judge.

4.      The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D.      Joinder of Parties and Amendment of Pleadings

1.      The parties do not currently anticipate a need to file motions to join additional parties or to amend the pleadings, but they should be permitted to do so consistent with the Federal Rules of Civil Procedure.

E.      Discovery

1.      The parties anticipate that discovery will be needed on Plaintiff's allegations and Defendant's affirmative defenses, including, but not limited to:

a.      Plaintiff's employment with Defendant and her service and performance as the Director of Defendant's Pre-Law Advising Program from 2012 through 2016;

b.      Plaintiff's compensation related to her service as the Director of Defendant's Pre-Law Advising Program;

4

c. Defendant's decision to select another person instead of Plaintiff as the Director of the Pre-Law Advising Program, including the age of that person, and the reasons why Defendant selected that person instead of Plaintiff;

d. Any facts and circumstances which support an inference of age discrimination;

e. Whether the reasons identified by Defendant for its decision in response to Plaintiff's complaint of age discrimination are false and/or pretextual;

f. Any facts upon which Plaintiff relies to claim she was discriminated against because of her age.

g. Any facts upon which Plaintiff relies to establish a causal connection between her age and the decision to not reappoint her to be the Director of the Pre-Law Advisory Program.

h. Any facts upon which Plaintiff relies to claim that the Defendant's reasons for not continuing her as the Director of the Pre-Law Advisory Program were false or pretextual.

i. Any facts upon which Plaintiff relies to claim that that but for her age she would have continued as the Director of the Pre-Law Advisory Program.

j. Plaintiff's alleged damages and the factual basis for such damages.

The parties reserve the right to conduct discovery into other relevant areas based upon the disclosure of additional facts during the course of discovery.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed by August 31, 2018.

3. Discovery will not be conducted in phases.

6142202v1

4.      The parties anticipate that the plaintiff will require a total of 3-5 depositions of fact witnesses and that the defendant will require a total of 1-5 depositions of fact witnesses.  The depositions will be completed by August 31, 2018.

5.      The parties may seek leave from the Court if they intend to request permission to serve more than 25 interrogatories.

6.      Both parties may call expert witnesses at trial.  Any party with the burden of proof on any claim or affirmative defense will disclose any expert witnesses relating to that claim or affirmative defense on or before March 31, 2018.  Any rebuttal experts will be disclosed by April 15, 2018.  Depositions of any expert witnesses will be completed by August 31, 2018.

7.      A damages analysis will be provided by any party who has a claim or counterclaim for damages by March 31, 2018.

8.      Undersigned counsel have discussed the disclosure and preservation of electronically stored information.  The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

(a)      The parties agree that there is a presumption that each party will bear the costs of assembling and producing the discoverable information in its possession.  However, if a party responding to discovery believes that compliance with a discovery request will result in undue burden or expense and it intends to seek an order from the Court to shift the cost of responding to the requesting party, such a motion will only be filed after the parties have conferred in good faith concerning the matter, and before the responding party

6

incurs the costs that it intends to ask the Court to shift to the requesting party.

(b)     The parties have agreed to take appropriate steps to preserve electronically stored information that may be relevant to claims or defenses in this case;

(c)     By agreeing to preserve potentially discoverable electronic information in accordance with the terms hereof, the parties are not waiving any objection to the ultimate discoverability of such information at such point when discovery is authorized in these actions.

(d)     During the litigation, the parties will attempt to agree upon appropriate search terms to be employed to identify electronically stored information that is discoverable in this matter;

(e)     To the extent that the parties find any responsive electronically-stored information, they agree to discuss at that point the form, timing, and any other details relating to the production of such electronically-stored information.

Plaintiff proposed, but Defendant did not agree, to the following additional proposals regarding the identification and production of electronically stored information:

(i)     As part of the discussions about appropriate search terms, counsel for the responding party will consult with the individuals who sent or received relevant communications and identify proposed search terms. After the consultations with the custodians,

7

6142202v1

counsel for the responding party will propose search terms to counsel for the requesting party, and counsel will then confer and try to reach agreement on the proposed search terms that will be used;

(ii)     However, proposed search terms will not be the exclusive means of searching for electronically stored information, as the responding party is still obligated to produce responsive documents that are discoverable regardless of whether those documents contain one of the agreed upon search terms;

9.      Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  The parties agree that the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) will control in situations involving the inadvertent production of any privileged information, any information protected by the attorney-client privilege or the work product doctrine.  Furthermore, the parties agree that if any information protected by FERPA is inadvertently produced without redaction or without designating the information as confidential under the standing protective order, the parties will work together to redact and/or designate the information as confidential under the protective order as appropriate.  Neither party waives any rights to seek any further relief from the Court in any situation involving a claim of inadvertent production.

10.     The parties agree to accept electronic service of documents and communications pursuant to Rule 5(b)(2)(E) of the Rules of Civil Procedure.

F.      <u>Dispositive Motions</u>:

6142202v1

Dispositive motions will be filed on or before November 2, 2018.

G.    Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by November 16, 2018 (if no dispositive motion is filed) or 45 days after a ruling on a dispositive motion if summary judgment is denied.

## VI.    Trial Readiness

The case will be ready for trial no sooner than 30 days after filing the joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFF,
Sharlene McEvoy


By:____//s// Todd Steigman____
Todd Steigman (ct26875)
Madsen, Prestley & Parenteau, LLC
402 Asylum Street
Hartford, CT 06103
Tel: (860) 246-2466
Fax: (860) 246-1794
Email: tsteigman@mppjustice.com

9

DEFENDANT,
FAIRFIELD UNIVERSITY

By:   /s/Gary S. Starr
      Gary S. Starr
      Christopher E. Engler
      Shipman & Goodwin LLP
      One Constitution Plaza
      Hartford, CT  06103-1919
      Telephone (860) 251-5000
      Facsimile (860) 251-5316
      Email: gstarr@goodwin.com
      Their Attorneys

10

6142202v1

## CERTIFICATION OF SERVICE

I hereby certify that on this 22nd day of December, 2017, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

_/s/Todd Steigman_

11

6142202v1