Case 3:17-cv-01861-MPS Document 84 Filed 03/37/21 Page 1 of 5
Case 3:17-cv-01861-MPS Document 37-2 Filed 03/11/21 Page 1 of 5

MANDATE

19-3924-cv
McEvoy v. Fairfield University

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

1  At a stated term of the United States Court of Appeals for the Second Circuit,
2  held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City
3  of New York, on the 17th day of February, two thousand twenty-one.
4
5       PRESENT:   BARRINGTON D. PARKER,
6                  RAYMOND J. LOHIER, JR.,
7                  STEVEN J. MENASHI,
8                       *Circuit Judges*.
9       ------------------------------------------------------------------
10      SHARLENE MCEVOY,
11
12           *Plaintiff-Appellant*,
13
14              v.                                              19-3924-cv
15
16      FAIRFIELD UNIVERSITY,
17
18           *Defendant-Appellee*.
19      ------------------------------------------------------------------
20

| | | |
|---|---|---|
| 1 | FOR PLAINTIFF-APPELLANT: | TODD D. STEIGMAN, Madsen, |
| 2 | | Prestley & Parenteau, LLC, |
| 3 | | Hartford, CT |
| 4 | | |
| 5 | FOR DEFENDANT-APPELLEE: | PETER J. MURPHY, Shipman & |
| 6 | | Goodwin LLP, Hartford, CT |

7   Appeal from a judgment of the United States District Court for the District

8   of Connecticut (Michael P. Shea, *Judge*).

9   UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

10   AND DECREED that the judgment of the District Court is AFFIRMED.

11   Plaintiff-Appellant Sharlene McEvoy appeals from the October 31, 2019

12   judgment of the District Court (Shea, J.) granting summary judgment in favor of

13   Defendant-Appellee Fairfield University on her claim of age discrimination in

14   violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621

15   et seq. McEvoy's claim arises out of Fairfield University's decision not to renew

16   her appointment as Director of Fairfield University's Pre-Law Advisory Program

17   and instead offer the position to a younger person. We assume the parties'

18   familiarity with the underlying facts and prior record of proceedings, to which

19   we refer only as necessary to explain our decision to affirm.

20   We review a district court's grant of summary judgment de novo. See

2

1   Burns v. Martuscello, 890 F.3d 77, 83 (2d Cir. 2018).  McEvoy's ADEA claim is

2   assessed under the three-step McDonnell Douglas burden-shifting framework.

3   See Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 106 (2d Cir. 2010).

4   Moreover, "a plaintiff bringing a disparate-treatment claim pursuant to the

5   ADEA must prove, by a preponderance of the evidence, that age was the 'but-

6   for' cause of the challenged adverse employment action."  Gross v. FBL Fin.

7   Servs., Inc., 557 U.S. 167, 180 (2009).

8       The District Court held that McEvoy failed to show that Fairfield

9   University's proffered non-discriminatory explanations for declining to renew

10  her appointment were mere pretext for age discrimination.  In urging a contrary

11  conclusion, McEvoy chiefly argues that the proffered performance-based reasons

12  for declining to re-appoint her were factually inaccurate and thus pretextual.  It

13  is true that "a plaintiff's prima facie case, combined with sufficient evidence to

14  find that the employer's asserted justification is false, may permit the trier of fact

15  to conclude that the employer unlawfully discriminated."  Reeves v. Sanderson

16  Plumbing Prods., Inc., 530 U.S. 133, 148 (2000).  But here, even assuming that

17  McEvoy was a high performer, she failed to marshal evidence that the

3

decisionmakers did not believe that her performance was deficient at least in some areas based on complaints received from others. See McPherson v. N.Y.C. Dep't of Educ., 457 F.3d 211, 216 (2d Cir. 2006) (noting that this Court is "decidedly not interested in the truth of the allegations against plaintiff," but rather "what motivated the employer" (quotation marks omitted)).

McEvoy's argument that Fairfield University's explanations were "shifting" and "inconsistent" with its response to McEvoy's Connecticut Commission on Human Rights and Opportunities complaint is equally unavailing. While such an inconsistency can be evidence of pretext, see Kwan v. Andalex Grp. LLC, 737 F.3d 834, 846 (2d Cir. 2013), based on our reading of the record, any inconsistencies pointed out by McEvoy are too immaterial to constitute evidence of pretext here.

Finally, even if we assumed that Fairfield University's proffered reasons were pretextual, on summary judgment McEvoy did not provide contemporaneous evidence of age discrimination, other than the fact that her replacement was much younger. The only evidence of age discrimination in the record came from a decisionmaker's deposition, in which he described McEvoy

4

1    as "traditional" and the pre-law program as "antiquated," "backward looking,"

2    and "frozen."  But as the District Court concluded, this testimony

3    unambiguously referred to particular perceived issues with the program—

4    namely, the type of legal career paths that students were exposed to and the lack

5    of alignment with the strategic goals of the university at large—rather than to

6    McEvoy's age.  Without sufficient evidence that Fairfield University's decision to

7    select a new pre-law director was because of McEvoy's age, no reasonable juror

8    could find that her age was a but-for cause of the decision to replace her.

9           We have considered McEvoy's remaining arguments and conclude that

10   they are without merit.  For the foregoing reasons, we AFFIRM the judgment of

11   the District Court.

12                                          FOR THE COURT:
13                                          Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5